UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENNETH CODY PUCILLO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:19-cv-00285-TWP-DML |
| ) | |
| NATIONAL CREDIT SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

This matter is before the Court on Cross-Motions for Summary Judgment filed pursuant to Federal Rule of Civil Procedure 56 by Plaintiff Kenneth Cody Pucillo ("Pucillo") (Filing No. 45) and Defendant National Credit Systems, Inc. ("NCS") (Filing No. 48). Pucillo initiated this Fair Debt Collection Practices Act lawsuit against NCS after NCS sent debt collection letters to Pucillo to try to collect on an alleged debt that had been discharged in a Chapter 7 bankruptcy proceeding. After conducting discovery, the parties filed Cross-Motions for Summary Judgment on Pucillo's claims. For the reasons explained below, the Motions are **denied as moot**, and this action is **dismissed for lack of jurisdiction**.

**I.    BACKGROUND**

Defendant NCS is a Georgia corporation that conducts business as a debt collector. Plaintiff Pucillo is a citizen of the State of Indiana who resides in the Southern District of Indiana and from whom NCS attempted to collect a defaulted consumer debt that Pucillo allegedly owed to Main Street Renewal for past-due rent on an apartment (Filing No. 24 at 1–2; Filing No. 24-5; Filing No. 26 at 2; Filing No. 46-1 at 2).

On May 30, 2017, Pucillo filed a Chapter 7 bankruptcy petition in a matter styled *In re: Lock*, S.D. Ind. Bankr., No. 17-4063-RLM-7. Among the debts listed on Pucillo's bankruptcy petition was the debt he allegedly owed to Main Street Renewal for past-due rent on an apartment in which he had lived. Pucillo had disputed the debt with Main Street Renewal. Pucillo's bankruptcy is a matter of public record and is on his credit reports. On September 19, 2017, Pucillo received a discharge of his debts (Filing No. 24-3; Filing No. 24-4; Filing No. 46-1 at 2; Filing No. 46-2).

Despite the discharge of the debt through bankruptcy, NCS sent Pucillo two collection letters, dated February 1, 2018 and February 1, 2019, demanding payment of the alleged Main Street Renewal debt that had been discharged in bankruptcy. NCS intended to send the letters, and the letters were not sent by mistake (Filing No. 46-1 at 2; Filing No. 24-5; Filing No. 46-3 at 16–17). NCS's letters informed Pucillo that, in exchange for payment of his discharged debt, NCS would "update credit data it may have previously submitted regarding this debt." (Filing No. 24-5.)

NCS's letters caused Pucillo confusion and concern regarding whether his bankruptcy had properly included the Main Street Renewal debt and whether he actually had obtained a "fresh start" as Congress intended that he receive when he filed bankruptcy. Pucillo became concerned about the impact that non-payment of this alleged debt could have on his credit (Filing No. 46-1 at 2–3).

On January 25, 2019, Pucillo filed a Complaint against NCS, asserting two claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). He asserts that NCS's letters violate Sections 1692e and 1692c of the FDCPA by demanding payment of a debt that is not owed and by failing to cease communications and collections after being directed to do

so (Filing No. 1). Pucillo filed the operative Amended Complaint on July 8, 2019, to add NCS's February 1, 2019 collection letter to his pleadings (Filing No. 24). On November 11, 2019, Pucillo filed a notice with the Court of his name change because his previous filings had been submitted using his prior last name of "Lock." (Filing No. 32.) Soon thereafter, the parties filed their Cross-Motions for Summary Judgment on Pucillo's Section 1692e claim and Section 1692c claim (Filing No. 45; Filing No. 48).

## II.     SUMMARY JUDGMENT STANDARD

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). "However, inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007) (citation and quotation marks omitted). Additionally, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "The opposing party cannot meet this burden with conclusory statements or speculation but only with appropriate citations to

relevant admissible evidence." *Sink v. Knox County Hosp.*, 900 F. Supp. 1065, 1072 (S.D. Ind. 1995) (citations omitted).

"In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of [the] claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citations and quotation marks omitted). "[N]either the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and quotation marks omitted).

These same standards apply even when each side files a motion for summary judgment. The existence of cross-motions for summary judgment does not imply that there are no genuine issues of material fact. *R.J. Corman Derailment Serv., LLC v. Int'l Union of Operating Eng'rs.*, 335 F.3d 643, 647 (7th Cir. 2003). The process of taking the facts in the light most favorable to the non-moving party, first for one side and then for the other, may reveal that neither side has enough to prevail without a trial. *Id.* at 648. "With cross-motions, [the court's] review of the record requires that [the court] construe all inferences in favor of the party against whom the motion under consideration is made." *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 983 (7th Cir. 2001) (citation and quotation marks omitted).

### III. DISCUSSION

In their Cross-Motions for Summary Judgment, the parties each argue they are entitled to judgment as a matter of law on the FDCPA claims. Pucillo argues there are no factual disputes, and NCS's letters clearly violate Sections 1692e and 1692c of the FDCPA. NCS argues that it is entitled to summary judgment on the Section 1692e claim and Section 1692c claim because the

4

evidence shows no violation of the FDCPA, and alternatively, the *bona fide* error defense protects NCS.

Based on the Seventh Circuit's recent guidance in *Pennell*, *Nettles*, and *Larkin*, the Court discusses the threshold issue of Article III standing and jurisdiction, which is dispositive in this case, rather than reaching the merits of the parties' summary judgment arguments.

"Article III standing is jurisdictional and cannot be waived." *Nettles v. Midland Funding LLC*, 983 F.3d 896, 899 (7th Cir. 2020). "The plaintiff must establish standing at the time suit is filed and cannot manufacture standing afterwards. The Article III standing inquiry remains open to review at all stages of the litigation." *Pennell v. Glob. Tr. Mgmt. LLC*, No. 20-1524, 2021 U.S. App. LEXIS 7126, at *4 (7th Cir. Mar. 11, 2021) (internal citations and quotation marks omitted).

"Article III standing asks whether the complaint 'clearly allege[s] facts' demonstrating that [the plaintiff] has '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Nettles*, 983 F.3d at 899 (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (U.S. 2016)). An "injury in fact" is "concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.*

"[A] plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. To the contrary, Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* (internal citation and quotation marks omitted).

In the very recent case of *Pennell v. Global Trust Management*, the Seventh Circuit discussed the need for a concrete harm to support an injury in fact to support Article III standing in an FDCPA Section 1692c case. The Seventh Circuit explained,

5

> Pennell alleged in her complaint that Global Trust's dunning letter caused stress and confusion. But we made clear in *Brunett* that "the state of confusion is not itself an injury." 982 F.3d at 1068. Nor does stress by itself with no physical manifestations and no qualified medical diagnosis amount to a concrete harm. *Cf. United States v. All Funds on Deposit with R.J. O'Brien & Assocs.*, 783 F.3d 607, 616 (7th Cir. 2015) (noting that "purely psychological harm" does not suffice to establish Article III standing). For the alleged injury to be concrete, a plaintiff must have acted "to her detriment, on that confusion." *Brunett*, 982 F.3d at 1068. Pennell failed to show that receiving Global Trust's dunning letter led her to change her course of action or put her in harm's way.

*Pennell*, 2021 U.S. App. LEXIS 7126, at *5–6. Because Pennell failed to allege any concrete injury in her complaint, the Seventh Circuit vacated the district court's order granting the defendant summary judgment on the merits and remanded with instructions to dismiss the case for lack of subject-matter jurisdiction. *Id.* at *6–7.

The same result based on the same reasoning occurred in the recent cases of *Nettles* and *Larkin*. *See Nettles v. Midland Funding LLC*, 983 F.3d 896 (7th Cir. 2020) (15 U.S.C. § 1692e case dismissed for lack of jurisdiction because of a lack of Article III standing because there was no allegation of concrete harm); *Larkin v. Fin. Sys. of Green Bay*, 982 F.3d 1060 (7th Cir. 2020) (dismissal of § 1692e case based on lack of standing because there was no allegation of concrete injury).

In further discussing what potentially could constitute a concrete injury, the Seventh Circuit pointed out in *Nettles*, "[a]s something of an afterthought at oral argument, Nettles argued that becoming annoyed and consulting a lawyer suffice to establish injury for standing purposes. We rejected that argument in *Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, . . . 2020 WL 7350278, at *2 (7th Cir. Dec. 15, 2020)." *Nettles*, 983 F.3d at 900.

Turning to Pucillo's Complaint and Amended Complaint in this case, Pucillo alleged in his original Complaint that NCS's actions "made Plaintiff believe that his exercise of his rights through filing bankruptcy may have been futile and that he did not have the right to a fresh start that

6

Congress had granted him under the Bankruptcy Code, as well as his rights under the FDCPA."

(Filing No. 1 at 3.)

He similarly alleged in his Amended Complaint that NCS's actions

> confused and alarmed Plaintiff and caused him to believe that his exercise of his rights, through filing bankruptcy, may have been futile and that he did not have the right to a fresh start that Congress had granted him under the Bankruptcy Code, as well as his rights under the FDCPA.

(Filing No. 24 at 3.)

Anticipating that NCS would raise the issue of standing in the summary judgment papers, Pucillo argued in his opening brief that he suffered a concrete injury in the form of "confusion and concern as to whether he would have to pay this debt, whether it was adequately included in his bankruptcy, and how it would impact his credit". (Filing No. 46 at 20.) He submitted an affidavit to support his contention that he was confused, concerned, fearful, alarmed, and upset (Filing No. 46-1 at 2–3).

The Seventh Circuit has been clear that, without more, confusion, stress, concern, and fear are not enough to support a concrete injury in FDCPA Section 1692e and Section 1692c cases. This is all that Pucillo has alleged. Therefore, his claims must be dismissed because of a lack of injury in fact and lack of standing.

The Court notes that Pucillo additionally alleged in his Amended Complaint,

> Defendant's letters told [Pucillo] that, in exchange for payment of his discharged debt, it would "update credit data it may have reported regarding this debt", see, Ex. E. In fact, neither Defendant NCS nor the original creditor had been reporting [Pucillo's] alleged debt, nor could they legally do so.

(Filing No. 24 at 3.) Importantly, this allegation indicates that NCS did not report Pucillo's alleged debt to credit reporting agencies, so Pucillo cannot argue that his credit was somehow affected thereby giving him some concrete, particularized harm.

7

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES as moot** the parties' Cross-Motions for Summary Judgment ([Filing No. 45](); [Filing No. 48]()) and **DISMISSES** the action for lack of jurisdiction because Article III standing is lacking. Final judgment will issue under separate order.

**SO ORDERED.**

Date: 3/19/2021

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

David J. Philipps
PHILIPPS AND PHILIPPS, LTD.
davephilipps@aol.com

Mary E. Philipps
PHILIPPS AND PHILIPPS, LTD.
mephilipps@aol.com

Angie K. Robertson
PHILIPPS AND PHILIPPS, LTD.
angie@philippslegal.com

John Thomas Steinkamp
JOHN STEINKAMP & ASSOCIATES
John@johnsteinkampandassociates.com

Katrina M. DeMarte
DEMARTE LAW, PLLC
katrina@demartelaw.com