# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| KENNETH CODY PUCILLO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:19-cv-00285-TWP-DML |
| ) | |
| NATIONAL CREDIT SYSTEMS, INC., a Georgia ) | |
| corporation, ) | |
| ) | |
| Defendant. ) | |

## ENTRY ON PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT AND MOTION FOR LEAVE TO CITE ADDITIONAL AUTHORITY

This matter is before the Court on a Motion to Alter or Amend Judgment filed pursuant to Federal Rule of Civil Procedure 59(e) by Plaintiff Kenneth Cody Pucillo ("Pucillo") (Filing No. 57). Also pending before the Court is a Motion for Leave to Cite Additional Authority filed by Pucillo (Filing No. 67). Pucillo filed this lawsuit under the Fair Debt Collection Practices Act ("FDCPA") after he received letters from Defendant National Credit Systems, Inc. ("NCS"), attempting to collect on an alleged consumer debt that had been discharged in bankruptcy. Following the parties' cross-motions for summary judgment, the Court determined that it did not have subject matter jurisdiction because of a lack of Article III standing. Thus, the Court dismissed the case on March 19, 2021, (Filing No. 55), and entered Final Judgment for lack of jurisdiction, (Filing No. 56). On April 13, 2021, Pucillo filed his Motion to Alter or Amend Judgment and later filed his Motion for Leave to Cite Additional Authority. For the following reasons, the Court **grants** Pucillo's Motion for Leave to Cite Additional Authority but **denies** his Motion to Alter or Amend Judgment.

## I. LEGAL STANDARD

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The purpose of a motion to alter or amend judgment under Rule 59(e) is to ask the court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). "A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). Relief pursuant to a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). A Rule 59(e) motion may be used "to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Furthermore, "a Rule 59(e) motion is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Brownstone Publ'g, LLC v. AT&T, Inc.*, 2009 U.S. Dist. LEXIS 25485, at *7 (S.D. Ind. Mar. 24, 2009).

## II. DISCUSSION

The Court will first address Pucillo's Motion for Leave to Cite Additional Authority and then turn to his Motion to Alter or Amend Judgment.

Pucillo asks the Court for leave to cite to the recent United States Supreme Court opinion in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (U.S. 2021) as additional support for his Motion

to Alter or Amend Judgment (Filing No. 67). *Ramirez* was decided after Pucillo filed his Motion to Alter or Amend Judgment. He argues that the *Ramirez* decision supports his assertion that he has "in fact, suffered an injury-in-fact that was both concrete and particularized and, thus, he has Article III standing." *Id.* at 3. Pucillo focuses on the Supreme Court's discussion that intangible harms can be concrete, including the intangible harm of intrusion upon seclusion. *Id.* at 2–3.

In response, "NCS opposes any further briefing on this matter as this case has been dismissed, and further action is futile, burdensome, and costly to the parties. Moreover, *Ramirez* simply reinforces this Honorable Court's opinion at ECF 55 – it *does not* support Plaintiff's position in the slightest." (Filing No. 68 at 1 (emphasis in original; footnote omitted).) NCS contends that *Ramirez* merely reiterates the requirement of a concrete injury for Article III standing, wherein the court partially reversed certification on a class action where there was not a concrete injury to some of the class members. *Ramirez*, 141 S. Ct. at 2209–13.

Judges are permitted to independently research case law when resolving motions. There is no harm or prejudice, and there is no risk of "additional briefing," in allowing Pucillo to point out to this Court and cite to the Supreme Court's recent decision in *Ramirez*. Therefore, the Motion for Leave to Cite Additional Authority, (Filing No. 67), is **granted**.

Turning to the Motion to Alter or Amend Judgment, Pucillo argues that the Court should reconsider its decision to dismiss the case for lack of jurisdiction because the Court "committed manifest errors of law or fact, and/or mistakenly found that Mr. Pucillo's 'confusion, stress, concern, and fear' were not enough to support a concrete injury sufficient for Article III standing". (Filing No. 58 at 2.) Pucillo argues that the Court incorrectly applied *Larkin v. Fin. Sys. of Green Bay*, 982 F.3d 1060, 1066 (7th Cir. 2020); *Nettles v. Midland Funding LLC*, 983 F.3d 896, 900 (7th Cir. 2020); *and Gunn v. Thrasher, Buschmann & Voelckel*, 982 F.3d 1069, 1071 (7th Cir.

2020), because the plaintiffs in those cases "failed to do more than allege violations of the FDCPA without showing how the violations harmed the consumer plaintiffs." (Filing No. 58 at 3.) He argues those cases are distinguishable because his case involves "straight-forward privacy violations" rather than "bare procedural violations based on nuanced ambiguities in collection letters." *Id.*

Pucillo asserts that NCS's violations constitute an injury-in-fact that is concrete and particularized. He argues the Court's reliance on *Pennell v. Global Trust Management* was incorrect because *Pennell* "did not involve a debt discharged in bankruptcy, as does Mr. Pucillo's Complaint." *Id.* at 4. Pucillo asserts that NCS's unlawful collection practices invaded his privacy—a concrete and particularized injury. He contends that "[c]onsumers experiencing intangible, non-monetary harms, including violations of privacy, absolutely have Article III standing, so long as it is a harm identified by Congress." *Id.* at 5. Moreover, he argues that "NCS's statement told Mr. Pucillo that false information about him had potentially been shared with third-parties via credit reporting, thus also creating an invasion of privacy and/or the threat of an invasion of privacy." *Id.* at 11. He concludes that the Seventh Circuit has held that attempting to collect debts after they have been discharged by bankruptcy constitutes concrete, material harms. *Id.* (citing *Randolph v. IMBS*, 368 F.3d 726, 729–33 (7th Cir. 2004)).

NCS responds by asserting that Pucillo's Motion to Alter or Amend Judgment "is deficient because he has failed to not only address the standards necessary to meet his burdens in having the judgment altered or amended, or alternatively, obtaining relief therefrom, but he has completely and utterly failed to address how any of those standards would even be applicable". (Filing No. 62 at 1.) According to NCS, Pucillo "only re-articulates the essentials of the unsuccessful argument set forth in prior briefing, or inappropriately attempts to introduce *new* arguments and *new alleged*

4

*injuries* which *could have been* raised in those prior briefings." *Id.* (emphases in original). NCS asserts that Pucillo's Motion to Alter or Amend simply reargues his summary judgment arguments and explains his disagreement with the Court's analysis of the Seventh Circuit's plain case law. NCS notes that this is not enough to warrant relief from the Court's judgment.

With respect to Pucillo's "invasion of privacy" argument, NCS asserts this argument is new, was not briefed on summary judgment, and was not alleged anywhere in the pleadings, and thus, it is not allowed at this stage on a Rule 59(e) motion. He could have alleged invasion of privacy in his Complaint or Amended Complaint, but he failed to do so. Thus, NCS asserts that this new argument, which could have been raised before the Court's Order was issued, is too late.

In his reply brief, Pucillo argues that reconsideration of the Court's Order is appropriate because (1) he asserted an invasion of privacy claim in his Amended Complaint and this is sufficient for Article III standing, (2) he did not have an opportunity to brief new Seventh Circuit cases, and (3) NCS's actions destroyed Pucillo's fresh start, which constitutes a concrete, material harm.

The Court is not persuaded. Altering or amending the judgment is not warranted. Pucillo attempts to distinguish *Larkin*, *Nettles*, *Gunn*, and *Pennell* from his case on the basis that those plaintiffs did not make an effort to articulate an injury or allege any harm. However, the harm alleged by Pucillo is similarly deficient as determined by the Seventh Circuit. He invites the Court to ignore the Seventh Circuit's case law concerning Article III standing and injury-in-fact which is directly applicable and controlling in this case. Pucillo had an opportunity to brief the issue of Article III standing during the summary judgment proceedings, and in fact, Pucillo did write on the issue in his opening brief. And contrary to Pucillo's argument, NCS is correct, the pleadings are devoid of an invasion of privacy claim against NCS, and the summary judgment briefing

5

submitted is devoid of any mention of invasion of privacy or intrusion upon seclusion. Pucillo could have raised invasion of privacy or intrusion upon seclusion well before the Court's dismissal Order, but he failed to do so.

A Rule 59(e) motion "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000) (internal citation and quotation marks omitted). Much of Pucillo's Rule 59(e) argument is a rehash of his previous summary judgment argument as well as an explanation of his disappointment in the Court's decision and his disagreement with the case law. Pucillo simply has not met his burden to obtain relief pursuant to Rule 59(e) or Rule 60 by showing a manifest error of law or fact or newly discovered evidence. Therefore, the Court **denies** the Motion.

### III.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Pucillo's Motion for Leave to Cite Additional Authority, (Filing No. 67), and **DENIES** his Motion to Alter or Amend Judgment, (Filing No. 57).

**SO ORDERED.**

Date: 10/18/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

David J. Philipps
PHILIPPS AND PHILIPPS, LTD.
davephilipps@aol.com

Mary E. Philipps
PHILIPPS AND PHILIPPS, LTD.
mephilipps@aol.com

Angie K. Robertson
PHILIPPS AND PHILIPPS, LTD.
angie@philippslegal.com

John Thomas Steinkamp
JOHN STEINKAMP & ASSOCIATES
John@johnsteinkampandassociates.com

Katrina M. DeMarte
DEMARTE LAW, PLLC
katrina@demartelaw.com